UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
www.flsb.uscourts.gov

In re:                                                                                      Chapter 11 Cases

LOUISIANA APPLE, LLC                     Case No. 24-20336 (RAM) (lead case)
KENTUCKY APPLE, LLC                      Case No. 24-20337 (RAM)
MOUNTAIN APPLE, LLC                      Case No. 24-20340 (RAM)
OKLAHOMA APPLE, LLC                      Case No. 24-20341 (RAM)

      Debtors.
_____/

# CONSOLIDATED[1] CHAPTER 11 CASE MANAGEMENT SUMMARY

In commpliance with Local Rule 2081-1(B), the Debtors-in-Possession Louisiana Apple, LLC ("Debtor Louisiana"), Kentucky Apple, LLC ("Debtor Kentucky"), Mountain Apple, LLC ("Debtor Mountain"), and Oklahoma Apple, LLC (Debtor Louisian, together with Debtor Kentucky, Debtor Mountain, and Debtor Oklahoma collectively, the "Debtors") file this Consolidated Chapter 11 Case Management Summary[2] and state:

1. Date of Order for Relief under chapter 11: October 4, 2024.

2. Names, case numbers and dates of filing of related debtors:

   Kentucky Apple, LLC, 24- 20337 filed October 4, 2024.

   Mountain Apple, LLC, 24- 20340 filed October 4, 2024.

   Oklahoma Apple, LLC, 24- 20341 filed October 4, 2024.

---

[1] Contemporaneously with the filing of this Consolidated Chapter 11 Case Management Summary, the Debtors detailed herein are filing motions to jointly administer their Chapter 11 cases with the Louisiana Apple, LLC Chapter 11 case serving as the lead case with the lowest issued case number. The relief sought in the Motion to Jointly Administer also seeks the authority to file a single consolidated Chapter 11 Case Management Summary to preserve judicial economy.

[2] Certain of the information contained herein represents approximations for background information only and the information may represent the Debtors' best estimate in response to some of the ensuing questions. The responses are subtantively identical for each of the four related chapter 11 debtors, and therefore the responses are applicable to each of the four debtors, unless otherwise identified herein.

78230318;1

3. Description of Debtors' business:

Prior to the commencement of their respective Chapter 11 cases, the Debtors owned and operated fourteen (14) Applebee's® restaurants in the states of Kentucky, Oklahoma, Indiana, and Arkansas (the "Restaurants"). The Restaurants were, upon information and belief, fraudulently and/or preferentially transferred prepetition out of the Debtors' estates for little to no consideration in order to evade creditors as described in more detail below.

4. Locations of Debtors' operations and whether the business premises are leased or owned:

As per the Order Granting Plaintiff's Second Emergency Motion for the Appointment of a Receiver [ECF No. 65] entered in the case of *City National Bank of Florida v. Louisiana Apple, LLC et. al*. Case No. 1:24-cv-23285-RKA (the "Receivership Order") pending in the United States District Court for the Southern District of Florida (the "District Court Case"), which Order expanded the Receiver's powers, the Receiver's Florida office located at 98 SE 7th St #1100, Miami, FL 33131 serves as the principal place of business for the Debtors, which in turn established the United States Bankruptcy Court for the Southern District of Florida, Miami Division (the "Bankruptcy Court") as the proper venue for the Receiver to file and prosecute the Debtors bankruptcy proceedings.

5. Reasons for filing chapter 11:

The Receiver was required to commence these Chapter 11 cases on behalf of the Debtors as per the terms of the Receiverhip Order in order to preserve causes of action that would otherwise be jeapordized without bankruptcy protection. The purpose of these bankruptcy filings is to claw back alleged fraudulent and preferential transfers, and either liquidate or operate any Restaurants brought back into the estate in consultation with creditors and all parties in interest The following is a summary of the District Court Case which triggered these bankruptcy filings:

- On September 18, 2020, Creditor City National Bank of Florida ("CNB") made a loan to Debtor Louisiana Apple, LLC ("Debtor Louisiana") in the original principal amount of $7,132,100.00. In connection therewith, Debtor Louisiana executed and delivered to CNB that certain Promissory Note (Main Street Priority Loan Facility) in the original principal amount of $7,132,100.00 (the "Note").
- As security for the Note, on September 18, 2020, Debtor Louisiana executed and delivered to CNB that certain Loan and Security Agreement (Main Street Priority Loan Facility) (the "Security Agreement").
- Pursuant to the terms of the Security Agreement, the Note is secured by a lien on all of the assets of Debtor Louisiana (the "Louisiana Collateral"), which lien CNB perfected by filing a UCC-1 financing statement (the "Louisiana UCC").
- Louisiana breached the terms of the Note and the Security Agreement by failing to make payments due thereunder since on or about July 28, 2023.
- On February 26, 2024, the Defendants entered into that certain Forbearance and Loan Modification Agreement (the "Forbearance Agreement") with CNB.
- Pursuant to the terms of the Forbearance Agreement, Debtors Apple, Kentucky, and

78230318;1

- Oklahoma each (i) agreed to be jointly and severally liable with Debtor Louisiana for all obligations due under the Note and the Security Agreement, and (ii) granted a lien and security interest in all of their assets to CNB to secure their obligations thereunder (the "Subsidiary Collateral" and together with the Louisiana Collateral, the "Collateral").
- At the time the Defendants entered into the Forbearance Agreement, they owned and operated fourteen (14) Applebee's® restaurants in the states of Kentucky, Oklahoma, Indiana, and Arkansas.
- On May 26, 2024, CNB's obligation to forbear from exercising its rights and remedies under the Note and Security Agreement expired pursuant to the terms of the Forbearance Agreement.
- In addition to the Debtors' defaults, on July 1, 2024, the Debtors were also sued by Applebee's Franchisor, LLC ("Applebee's") in the United States District Court for the District of Kansas (the "Kansas Litigation"), wherein Applebee's alleged, among other things, that it terminated the franchise agreements with certain of the Defendants for the operation of the Restaurants and that the Defendants owed amounts to Applebee's in connection therewith.On August 6, 2024, the Kansas Litigation was administratively closed because Applebee's and the Debtors entered into a settlement agreement on or about July 10, 2024.
- In early July 2024, the Debtors turned over the operation and control of the Restaurants and all related assets to certain third parties in violation of the Loan Documents, without compensation to the Debtors.
- Specifically, on or about July 7, 2024, Applebee's and/or its affiliates purported to exercise certain rights under its franchise agreements with the Defendants by causing each of the landlords who were leasing the Restaurants to the Defendants (which leases were not in monetary default) to assign those leases to an affiliate of Applebee's. Immediately thereafter, Applebee's assigned such leases to SBG Apple Central, I, LLC and thirteen of its affiliates (collectively, the "SBG Entities"), which SBG Entities are not affiliated with any of the Debtors.
- Simultaneously with the assignment of such leases to the SBG Entities, the Defendants entered into a certain Cooperation Agreement, dated July 11, 2024, with the SBG Entities, which Cooperation Agreement provides for, among other things, the transfer of full control over the assets of the Defendants to the SBG Entities as well as full control over the operation of the Restaurants to the SBG Entities.
- The SBG parties were allowed and did participate in the District Court Case.
- Based on the above, CNB, on September 27, 2024, moved, for a second time,[3] on an emergency basis, for the appointment of a receiver, which culminated in the District Court's entry of the Receivership Order on October 2, 2024 and the filing of these cases to claw back the transfers of the Restaurants and all related assets, which were transferred for little to no consideration to the Debtors' estates.

---

[3] On September 20, 2024, the District Court granted, in part, CNB's First Receivership Motion and entered its *Order Granting Motion to Appoint Receiver* [ECF No. 44] (the "First Receivership Order") appointing Michael I. Goldberg, Esq., of Akerman LLP as receiver with a limited scope to answer the following inquiries: (1) whether there is a viable Preference Claim under 11 U.S.C. § 547(b), and (ii) whether Louisiana Apple, LLC, and its wholly-owned subsidiaries) should file bankruptcy, including in order to preserve preference claims.

78230318;1

6. List of officers and directors, if applicable, and their salaries and benefits at the time of filing and during the 1 year prior to filing:

The Receivership Order gives the Receiver all the powers of the board of directors, manager and/or managing member of, the Debtors in this case.  The Receiver therefore has full decision-making authority over each of the Debtors in this case. The Receivership Order is attached as Exhibit A to this Joint Case Management Summary.

7. Debtors' fiscal or calendar year to date gross income and the Debtors' gross income for the calendar or fiscal year prior to the filing of this petition:

The Receiver, on behalf of the Debtors, is currently in the process of preparing the accounting to fully respond to this item, but does not have complete access to the Debtors' financials as a result of the alleged transfers precipitating these bankrutpcy filings. The Assignee will supplement the response to this request upon the completion of same if neccesary.

8. Amounts owed to various creditors:

    a. Obligations owed to priority creditors including priority tax obligations: unknown

    b. With respect to creditors holding secured claims, the name of and amounts owed to such creditors and a description and estimated value of all collateral of the debtor securing their claims:

    City National Bank - $8,330,741.65 as of August 15, 2024. The value of the Collateral is unknown as it is the subject of preference/fraudulent transfer claims.

    Other creditors are unknown at this time due to the circumstances of the filings and the Receiver's appointment and expansion of his powers.

    c. Amount of unsecured claims:

    Unknown

9. General description and approximate value of the Debtors' assets:

The Debtors primary assets are its litigation claims to claw back estate assets, primarily the Restaurants, the value of which is unknown at this time.

10. List of all insurance policies, the property covered under the policy, the name of the insurer, the policy number, amount of coverage, whether the premium is

current, the date the next premium is due and date the policy expires

Unknown at this time but likely none given the prepetition transfers of the Restaurants.

11. Number of employees and amounts of wages owed as of petition date:

No employees. Unknown whether any wages are owed.

12. Status of debtor's payroll and sales tax obligations, if applicable. This does not eliminate the obligation of chapter 11 debtors (other than individuals not engaged in business) to provide the more detailed payroll tax information required by Local Rule 2081-1(A):

Unknown at this time but likely none given the prepetition transfers of the Restaurants.

13. Anticipated emergency relief to be requested within 14 days from the petition date:

- Expedited Motion to Approve Debtor-in-Possession Financing

/s/ Michael I Goldberg, Esq.
Signature

Michael I. Goldberg Esq. as Court Appointed Receiver of the Debtors

/s/ Eyal Berger, Esq.
Signature

Eyal Berger, Esq.
Florida Bar No. 11069
201 East Las Olas Boulevard, Suite 1800
Fort Lauderdale, Florida 33301
Proposed Counsel for Debtors

78230318;1